# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

GABRIEL GONZALEZ                                                              PETITIONER
Reg. #30515-112

v.                                        2:17cv00129-DPM-JJV

GENE BEASLEY, Warden                                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     PROCEDURAL HISTORY

On February 27, 2006, a jury in the Central District of California convicted Petitioner Gabriel Gonzalez of three counts of deprivation of civil rights, all in violation of 18 U.S.C. § 242. (Doc. No. 2 at 4.) The Court imposed judgment on August 03, 2006, sentencing him to 360 months of incarceration to be followed by five years of supervised release. *United States v. Gonzalez*, No. 02:04-cr-01189-CAS (C.D. Cal.), Doc. No. 118 at 1. Mr. Gonzalez appealed the conviction to the United States Court of Appeals for the Ninth Circuit, and the judgment was affirmed on August 18, 2008. *United States v. Gonzalez*, No. 02:04-cr-01189-CAS (C.D. Cal.), Doc. No. 137. In affirming the conviction, the court recited the facts of the case as follows:

> According to Cecilia Tirado, the owner of a beauty shop, she was driving home alone on the Imperial Highway after having been dancing at Alpine Village. The date was a Sunday in July or August 2002. The time was early morning. She was pulled over by someone in a patrol car dressed as a policeman and carrying a gun.
>
> The officer performed sobriety tests on her, then ordered her into the patrol car. He drove her by her home in the City of Southgate but passed the house without letting her out. While driving, he asked her whether she had a husband or boyfriend. After a long drive, the officer drove into a desolate parking lot, commanded her to undress and penetrated her vagina. He then drove her back to her car and left her.

According to Pamela Fields, a prostitute, she was walking in the center of Long Beach Boulevard late at night on January 8, 2003 when a black and white police car, marked "Sheriff," stopped her, and the officer asked her for identification, then asked her to get into the car. He drove around and stopped in a nearby alley, examined her genital area and displayed his own sexual organ. He requested her to engage in oral sex, and she complied. He eventually let her go.

According to Kussy Guzman, a native of Peru, she was driving home alone from her work as a shift leader at Jack–In–The–Box at about 2:00 a.m. in the last days of 2002. She was pulled over by a police officer, who questioned her and eventually told her to sit on the street. The officer asked her whether she had a mother, a sister, or a boyfriend. Purportedly in search of a weapon or drugs, he touched her hips, waist and breasts. He then let her go.

According to Shirley Munoz, an assembler at a manufacturing plant, she was driving alone to her hotel in the early morning hours of November 16, 2001. She was pulled over by a sheriff's deputy. She admitted to him that she was on parole. He examined her, made her partially undress, and put his hand on her breasts. The officer twice told her that she was pretty, and asked if she was married before eventually releasing her.

According to Elizabeth Castillo-Chavez, a married resident of Compton, she was pulled over by a Compton Sheriff's deputy on her way to work at about 5:00 a.m., near the end of December 2001. The officer ordered her into the back of his police car where he placed himself next to her and asked her personal questions. He told her to get out of the car and searched her, rubbing his palms on her thighs, hips and breasts.

The principal issue at trial was the identity of the perpetrator. The process of identification began when Fields, the night she escaped from the officer, encountered her husband Rory Fitzhugh, against whom she had a restraining order. A police car noticed them, and she told the officers of her recent ordeal. She furnished the number of the patrol car of the officer who had tormented her and also the license plate she had memorized—respectively 050 or 650 and 300795 or 000795. An investigator learned that 050 was on the roof of a sheriff's vehicle used by two deputies on the day shift on January 8 and not used that night. The number on the defendant's patrol car was 560. The license plate on his car was E1007975.

Despite these discrepancies, the investigation continued. The investigator brought a "photo-six-pack" (a group of six similar-looking persons) and showed it to Fields the day after her ordeal. She identified the defendant as the perpetrator. The investigator then had an examination made of the patrol car used by the defendant on the night of January 8. A fingerprint matching Fields' was found on the trunk of the car.

> The investigation of the Fields case interacted with the Tirado case, when in January 2003 Tirado responded to a telephone survey by the Southgate police asking about citizen satisfaction with police activities. She told her story, and a Southgate police officer called on her at home to confirm it, later notifying the Los Angeles Sheriff's internal complaint bureau. An investigator there spoke to the investigator of the Fields case.
>
> Tirado had identified the perpetrator as a Southgate police officer. But on February 19, 2003, when Tirado was shown a photo-six-pack she was visibly upset and at once identified the defendant as the perpetrator. She also showed investigators where she'd been pulled over on the night of the attack; it was an area patrolled by the Los Angeles Sheriff's Department.
>
> The FBI, alerted by the investigators, searched the records of the defendant's onboard computer. The names of Guzman, Munoz, and Chavez turned up. The FBI sent letters to each of the three women asking if they had encountered "a police officer" whose conduct had been improper. This inquiry led each of the women to report the incidents set out above. Guzman then identified the defendant from an FBI photo-six-pack.

*United States v. Gonzalez*, 533 F.3d 1057, 1059-60 (9th Cir. 2008).

In November 2009, Mr. Gonzalez filed a 28 U.S.C. § 2255 petition to vacate his sentence in the Central District of California.[1] *United States v. Gonzalez*, No. 02:04-cr-01189-CAS (C.D. Cal.), Doc. No. 140. The Court denied Mr. Gonzalez's petition and denied a certificate of appealability. *United States v. Gonzalez*, No. 02:04-cr-01189-CAS (C.D. Cal.), Doc. Nos. 170 and 185.

Now, Mr. Gonzalez, an inmate at the Forrest City Low Federal Correctional Institute, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. No. 1.) After careful consideration of the Petition, for the following reasons, I find this Court lacks jurisdiction and recommend the Petition be dismissed.

---

[1] Mr. Gonzalez's Brief in Support of his § 2241 Petition notes his § 2255 petition was filed on August 14, 2006. However, the official court record from the Central District of California indicates this petition was actually filed on November 16, 2009.

## II. ANALYSIS

Mr. Gonzalez raises four claims in his Petition. He says: (1) his case was tried to completion without the Court first having received and filed the charging document under which the Petitioner was charged and convicted; (2) Petitioner was unfairly prejudiced at trial because of a constructive amendment to the offense statute returned by the Grand Jury; (3) Petitioner's rights were prejudiced by omission of an element during the government's closing arguments and jury instructions; and (4) Petitioner received improper sentencing enhancements. (Doc. No. 2. at 3-4.)

Although he initiated this cause of action as a 28 U.S.C. § 2241 habeas corpus Petition, all of Mr. Gonzalez's claims relate to his conviction and sentence from the Central District of California. And inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 petition to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Based upon the arguments set forth in the Petition, it is clear that Mr. Gonzalez is continuing to argue about the validity of his conviction and sentence, rather than the manner in which his sentence is being carried out.

As a purely practical matter, it is the burden of the prisoner to demonstrate that § 2255 relief in the sentencing court would be unavailable or ineffective. *DeSimone*, 805 F.2d at 323 (quoting *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not 'inadequate or ineffective' merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

The situation described in *Morrison* applies in this case. For this Court to be permitted to invoke jurisdiction over these claims, Mr. Gonzalez must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill,* 349 F.3d at 1091. Having tried and failed at a § 2255 petition in the Central District of California does not automatically render such a petition ineffective or inadequate as a matter of law. Mr. Gonzalez could apply to the United States Court of Appeals for the Ninth Circuit for permission to file a successive § 2255 petition to present the claims he sets forth here.

Mr. Gonzalez puts forth in his Petition that ". . . Petitioner's submission is tendered to address the execution of a sentence, no [sic] the imposition of his conviction. . ." (Doc. No. 2 at 2.) While Petitioner puts forth case law – somewhat persuasively – that support each of the four substantive claims he brings, he fails to present authority or evidence that supports his blanket statement that a § 2255 petition would be inadequate or ineffective in this situation. Mr. Gonzalez merely states that the inadequacy is based upon the fact that "(1) the section 2255 remedy does not accommodate nor provide for an examination of constructive matters concerning substantive law

6

such as those affecting legislative legal rule, interpretive legal rule or substantive legal rule; and (2) would be ineffective because the matter at issue does not demand a procedural resolution but rather a judgment of substantive determination." (Doc. No. 2 at 3.) However, this is simply not the case. The very text of § 2255 states that this type of motion is meant to grant relief from a sentence "imposed in violation of the Constitution or laws of the United States," inherently requiring a legislative and substantive legal rule analysis. 28 U.S.C. § 2255.

Accordingly, this Court lacks jurisdiction and this Petition must be dismissed or transferred. And because Mr. Gonzalez has already unsuccessfully sought § 2255 relief, he must petition the Ninth Circuit for the opportunity to file a second or successive petition before a transfer would be appropriate. Therefore, I recommend dismissal of his Petition rather than transfer.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed for lack of jurisdiction.

DATED this 31st day of August, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE